IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICK NEAL ANDERSON,          *
                                *
       Plaintiff,               *
                                *
vs.                             * CIVIL ACTION NO. 24-00211-KD-B
                                *
BEN E. SHEELY,                  *
                                *
       Defendant.               *


## ORDER

This action is before the Court on review.  Plaintiff Patrick Neal Anderson ("Anderson"), who is proceeding without an attorney, filed a complaint and paid the filing fee for a civil action. (Docs. 1, 3).  After conducting a preliminary review, the undersigned finds that Anderson's complaint is an impermissible shotgun pleading and fails to allege a valid basis for this Court's subject matter jurisdiction.  It is therefore necessary for Anderson to correct these deficiencies, to the extent he is able to do so, by repleading his claims in an amended complaint.

### I.   COMPLAINT

In this action, Anderson purports to sue "Administrative Law Judge Ben E. Sheely by and through Kilolo Kijakazi the Acting Commissioner of Social Security and now by and through Martin O'Malley Commissioner of Social Security."  (Doc. 1 at 1-2). Anderson claims the Defendant (1) "violated his known legal duty

(Ministerial Duty)"; (2) "wrongfully" denied disability insurance benefits;[1] (3) "violated the 5th Amendment Due Process Clause: Procedural"; and (4) "violated Title VI of the Civil Rights Act of 1964 by subjecting the plaintiff to discrimination." (Id. at 2). Anderson alleges that the Court has jurisdiction over his claims

> pursuant to 28 U.S.C. 1331: Federal Question, the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States; controversial over $75,000. Bivens versus Six Unknown Federal Agents, 403 U.S. 388 (1971) and Article III (3) Standing of the United States Constitution.

(Id. at 1). For relief, Anderson seeks "a total of Seventeen ($17) Billion Dollars and/or Two (2%) of the Social Security Trust Fund estimate between $2.8 Trillion Dollars and $2.9 Trillion Dollars." (Id. at 5).

## II.  LEGAL STANDARDS

### A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal

---

[1] Anderson labels Count Two: "Wrongfully Denial of Disability Insurance Benefits (DIB); Bad Faith with Emotional Distress." (Doc. 1 at 2).

2

question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

It is a plaintiff's duty in a federal civil action to identify in the complaint the basis for the court's subject matter jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(1) states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A plaintiff must affirmatively allege facts establishing the existence of jurisdiction. Taylor, 30 F.3d at 1367. "And it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020). When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over his case exists, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure

the deficiency." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013).

**B.   Federal Rules of Civil Procedure 8 and 10**

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted).  Each allegation in a complaint "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Relatedly, Rule 10(b) mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity."  Fed. R. Civ. P. 10(b).

These rules "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and

so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]"  Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'"  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  The Eleventh Circuit Court of Appeals has identified four broad types or categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Id. at 1323.  A court faced with a shotgun pleading has the inherent

authority to *sua sponte* demand repleader of such complaints. Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006).

### C.   *Pro Se* Litigation

Although courts must liberally construe *pro se* pleadings and hold them to less stringent standards than formal pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), this does not give a court license to act as counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action.  Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).  A *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III.  DISCUSSION

### A.   Anderson's Complaint is a Shotgun Pleading

Anderson's complaint is an impermissible shotgun pleading. First, while the complaint generally identifies the claims Anderson is attempting to assert and appears to convey his displeasure with having his application for Social Security disability insurance benefits denied, it violates Rule 8(a)(2) because it does not provide adequate notice of the factual grounds for his claims.  Indeed, Anderson does not offer a single *factual* – that is, non-conclusory – allegation supporting his claims

concerning the denial of Social Security disability insurance benefits.  Rather, he offers only "labels," "conclusions," and "naked assertion[s]" devoid of further factual enhancement, which are insufficient to state a claim upon which relief can be granted. See Twombly, 550 U.S. at 555, 557.

Second, the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322.  In particular, a large segment of the complaint is devoted to a discussion of legal standards under Federal Rules of Civil Procedure 8(a) and 12(b)(6), which has no relevance to the claims asserted and is neither necessary nor proper in a complaint.  See Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint."); Chevy Chase Bank, F.S.B. v. Carrington, 2010 U.S. Dist. LEXIS 17724, at *13, 2010 WL 745771, at *4 (M.D. Fla. Mar. 1, 2010) ("Huge swaths of the [complaint] are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises-material proper in legal memoranda, but almost never proper in a complaint.").

Third, the complaint violates Rule 10(b) because it is not broken up into numbered paragraphs, each limited as far as

practicable to a single set of circumstances.  See Fed. R. Civ. P. 10(b).

Fourth, the complaint fails to provide sufficient notice as to whom Anderson is suing.  As noted, Anderson identifies the Defendant in this action as "Administrative Law Judge Ben E. Sheely by and through Kilolo Kijakazi the Acting Commissioner of Social Security and now by and through Martin O'Malley Commissioner of Social Security."  (Doc. 1 at 1-2).  However, Anderson identifies no authority, nor is the Court aware of any, that would allow him to sue a Social Security administrative law judge "by and through" either the former Acting Commissioner of Social Security or the current Commissioner of Social Security.  It is possible – especially given that the complaint names the former Acting Commissioner and current Commissioner and seeks relief from the "Social Security Trust Fund" – that Anderson's real intention is to sue ALJ Sheely in his official capacity, since "[a] claim asserted against an individual in his or her official capacity is, in reality, a suit against the entity that employs the individual." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1309 (11th Cir. 2009). However, Anderson's complaint does not make clear whether he is suing ALJ Sheely or any other officer or employee of the Social Security Administration ("SSA") in his or her individual capacity, official capacity, or both.  See Thorn v. Randall, 2014 U.S. Dist.

LEXIS 145782, at *6, 2014 WL 5094134, at *2 (M.D. Fla. Oct. 24, 2014) (finding that complaint was "a deficient shotgun pleading" because plaintiff "fail[ed] to specify whether he [was] suing [defendants] in their individual capacities and/or official capacities"); Johnson v. Liberty County, Ga., 2019 U.S. Dist. LEXIS 62697, at *3, 2019 WL 1576303, at *2 (S.D. Ga. Apr. 11, 2019) ("Plaintiffs' failure to identify whether the individual Defendants are being sued in their individual capacity or official capacity, or both, . . . makes Plaintiffs' Amended Complaint a shotgun pleading."). The distinction is important because the Court's jurisdiction and the availability of certain kinds of relief may depend on whether the proper defendant is being sued in the proper capacity.

### B. Anderson Does Not Identify a Viable Basis for Federal Subject Matter Jurisdiction

To the extent Anderson is suing ALJ Sheely or any other SSA officer or employee in his or her official capacity, the Court notes that absent a waiver, sovereign immunity shields the United States and its agencies, including the SSA, from suit. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Any waiver of sovereign immunity must be "unequivocally expressed" and strictly construed in favor of the sovereign. United States v. Nordic Vill. Inc., 503 U.S. 30, 34 (1992). "A question of sovereign immunity is a jurisdictional issue; without a statutory waiver, a district court

has no jurisdiction to entertain a suit against the United States."
Brestle v. United States, 414 F. App'x 260, 263 (11th Cir. 2011)
(per curiam).

As Anderson's claims arise from the handling and denial of
his application for Social Security disability insurance benefits,
the Court looks to the Social Security Act for a waiver of
sovereign immunity. "In 42 U.S.C. § 405(g), Congress waived
sovereign immunity by giving the federal courts jurisdiction to
review and modify or reverse the Commissioner's decisions."
Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). Section
405(g) "affords an individual an avenue by which he may challenge
a ruling . . . that he is not eligible for Social Security benefits."
Ostroff v. State of Fla., Dep't of Health & Rehab. Servs., 554 F.
Supp. 347, 352 (M.D. Fla. 1983). In relevant part, § 405(g)
provides that a claimant may obtain judicial review of a "final
decision of the Commissioner of Social Security made after a
hearing to which he was a party" by filing "a civil action
commenced within sixty days after the mailing to him of notice of
such decision or within such further time as the Commissioner of
Social Security may allow." 42 U.S.C. § 405(g).

"[T]he remedies outlined in [§ 405(g)] are the exclusive
source of federal court jurisdiction over cases involving SSI."
Jackson, 506 F.3d at 1353; see also Alexander v. Kijakazi, 2022 WL

22715125, at *3 (M.D. Ga. July 13, 2022) ("The only avenue for Plaintiffs to challenge a decision relating to their claims of social security benefits is through 42 U.S.C. § 405(g), which permits judicial review of a 'final decision of the Commissioner of Social Security[.]'"). "Section 405(h) bars all other claims brought under the Social Security Act, including derivative claims generally 'arising under' the Social Security Act." Imamoto v. Soc. Sec. Admin., 2008 U.S. Dist. LEXIS 100173, at *11, 2008 WL 5179104, at *3 (D. Haw. Dec. 9, 2008); see 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."); Ostroff, 554 F. Supp. at 352 ("42 U.S.C. § 405(h) prohibits any non-§ 405(g) action against the United States, the [Commissioner], or any officer or employee thereof from being brought under 28 U.S.C. § 1331 or § 1346 to recover on any claim arising under Title II of the Social Security Act."); Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000) (noting that § 405(h) prohibits the exercise of federal question jurisdiction in a case "where an individual seeks a monetary benefit from the agency . . . , the agency denies the benefit, and the individual challenges the lawfulness of that denial[,] . . . irrespective of whether the individual challenges

the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds"). "Thus, a plaintiff cannot avoid the § 405(h) bar to jurisdiction by artful pleading if his claim is 'inextricably intertwined' with a claim for social security benefits or if the 'substantive basis' of his claim is the Social Security Act." Imamoto, 2008 U.S. Dist. LEXIS 100173, at *11, 2008 WL 5179104, at *3 (quoting Heckler v. Ringer, 466 U.S. 602, 614-15 (1984)).

Anderson's complaint does not allege any facts indicating that he seeks judicial review of a final decision of the Commissioner of Social Security within the timeframe allowed under 42 U.S.C. § 405(g). Instead, Anderson purports to assert various constitutional, statutory, and tort claims for damages arising from the handling and denial of his claim for Social Security disability insurance benefits. The Social Security Act does not authorize jurisdiction over these claims. See Alexander, 2022 WL 22715125, at *3 (finding that plaintiffs' claims were prohibited where plaintiffs did not allege any facts indicating that they sought review of the Commissioner's final decision and instead alleged that the Commissioner and SSA employees violated plaintiffs' rights through their actions relating to plaintiffs' disability benefits); Imamoto, 2008 U.S. Dist. LEXIS 100173, at *15-16, 2008 WL 5179104, at *4 (D. Haw. Dec. 9, 2008) (where

plaintiff alleged "various constitutional, statutory, and tort claims" centering around the defendants' denial of his claim for Social Security disability benefits, holding that "[b]ecause the Social Security Act provides the 'substantive basis' for Plaintiff's derivative claims and his claims are 'inextricably intertwined' with his claim for benefits, § 405(h) bars subject matter jurisdiction over those claims"); Henderson v. Colvin, 2015 U.S. Dist. LEXIS 146713, at *5, 2015 WL 6598713, at *2 (D. Or. Oct. 29, 2015) ("Because Plaintiff's tort claims are intertwined with her claim for Social Security benefits, this court lacks subject matter jurisdiction over the tort claims.").

Anderson seeks billions of dollars in monetary relief with respect to each of his four putative causes of action. (See Doc. 1 at 4-5). However, it is well-established that the Social Security Act does not confer any right of action for consequential or punitive damages resulting from the denial of disability benefits. See, e.g., Ostroff, 554 F. Supp. at 352 ("Ostroff now seeks further vindication by suing for consequential and punitive damages. Section 405(g) does not contemplate such an action and affords no such relief."); Schweiker v. Chilicky, 487 U.S. 412, 424 (1988) (stating that the Social Security Act "makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the

wrongful denial of benefits"); Katsoulakis v. Astrue, 2011 U.S.
Dist. LEXIS 97605, at *14, 2011 WL 3877080, at *5 (E.D.N.Y. Aug.
31, 2011) ("The Social Security Act does not bestow a private right
of action for monetary relief.").

Anderson cites Bivens as a basis for the Court's subject
matter jurisdiction (Doc. 1 at 1), but his citation is unavailing.
"Under Bivens, federal officials acting under color of federal law
may be sued in their individual capacities for violating an
individual's constitutional rights." Micklas v. Doe, 450 F. App'x
856, 857 (11th Cir. 2012) (per curiam). However, "a plaintiff may
not bring a Bivens action against a federal agency or a federal
officer acting in his official capacity." Horne v. Soc. Sec.
Admin., 359 F. App'x 138, 143 (11th Cir. 2010) (per curiam); Bevan
v. Steele, 417 F. App'x 840, 841 n.3 (11th Cir. 2011) (per curiam)
("Bivens claims do not extend to federal officers in their official
capacity and are barred by sovereign immunity."). Therefore,
Anderson cannot pursue a Bivens action against ALJ Sheely or any
other SSA officer or employee in his or her official capacity.
Nor can Anderson maintain a Bivens action against ALJ Sheely in
his individual capacity, as "[t]he Supreme Court has declined to
imply a Bivens remedy for monetary damages for people improperly
denied social security benefits." Horne v. Soc. Sec. Admin., 359
F. App'x 138, 143 (11th Cir. 2010) (per curiam); Micklas, 450 F.

14

App'x at 857 ("The Supreme Court, because of the remedies under the complex Social Security statutes and regulations, has expressly foreclosed extension of a <u>Bivens</u> action to persons who were improperly denied Social Security benefits as a result of alleged due process violations."). Because Anderson alleges a due process violation related to the denial of Social Security disability insurance benefits, a <u>Bivens</u> action is not available and cannot provide a basis for federal jurisdiction in this action. <u>See</u> <u>id.</u>

Title VI of the Civil Rights Act of 1964 also does not authorize the Court's exercise of jurisdiction over Anderson's claims. Title VI prohibits "any program or activity receiving Federal financial assistance" from denying any person in the United States benefits "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. As an initial matter, Anderson alleges no facts suggesting that he was denied disability benefits on the grounds of his race, color, or national origin and thus provides no support for his nominal Title VI claim. Additionally, it is readily apparent that Anderson's claims arise from the denial of his application for Social Security disability insurance benefits; therefore, § 405(h) bars federal question jurisdiction over his Title VI claim. It is also "beyond question . . . that individuals" such as ALJ Sheely "are not liable under Title VI." <u>Shotz v. City</u>

of Plantation, Fla., 344 F.3d 1161, 1171 (11th Cir. 2003).  And, to the extent Anderson's Title VI claim is asserted against ALJ Sheely or any other SSA officer or employee in his or her official capacity, "Title VI does not apply to programs conducted directly by federal agencies" such as the Social Security Administration. Walton v. Sec'y Veterans Admin., 187 F. Supp. 3d 1317, 1330 (N.D. Ala. 2016); see Soberal-Perez v. Heckler, 717 F.2d 36, 41 (2d Cir. 1983) (concluding that "Title VI does not cover direct benefit programs since these programs do not entail any . . . contractual relationship," and thus holding that "Title VI was not intended to apply to Titles II and XVI of the Social Security Act"); Halim v. Donovan, 951 F. Supp. 2d 201, 207 (D.D.C. 2013) ("[A]s courts consistently hold, 'Title VI does not apply to programs conducted directly by federal agencies.'") (citation omitted); Purisima v. Astrue, 2012 U.S. Dist. LEXIS 162528, at *7-8, 2012 WL 5519295, at *3 (S.D.N.Y. Nov. 14, 2012) (holding that Title VI did not provide a basis to exercise jurisdiction over tort claims relating to the SSA's review of plaintiff's application for benefits).

Based on his mention of a "controversial over $75,000" (Doc. 1 at 1), Anderson may also be invoking federal diversity jurisdiction.   Under 28 U.S.C. § 1332, district courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.

28 U.S.C. § 1332(a)(1). "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' - the citizenship of every plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

To the extent Anderson is suing ALJ Sheely or any other SSA officer or employee in his or her official capacity, "diversity jurisdiction necessarily fails because the United States and its agencies are 'neither a state nor a citizen of a state, and may neither sue nor be sued under § 1332.'" Ananiades v. Kendall, 2022 U.S. Dist. LEXIS 82651, at *25, 2022 WL 1446817, at *8 (C.D. Cal. Apr. 14, 2022) (quoting United States v. Park Place Assocs., Ltd., 563 F.3d 907, 919 n.7 (9th Cir. 2009)), report and recommendation adopted, 2022 U.S. Dist. LEXIS 82602, 2022 WL 1443234 (C.D. Cal. May 6, 2022); see also Borromeo Escaler v. U.S. Citizenship & Immigr. Servs., 2007 U.S. Dist. LEXIS 49183, at *12-13, 2007 WL 1975485, at *4 (S.D.N.Y. July 6, 2007) ("[T]he diversity of citizenship statute, 28 U.S.C. § 1332, does not provide a basis for suing the United States or its agencies or officers acting in their official capacity."), aff'd sub nom. Escaler v. U.S. Citizenship & Immigr. Servs., 582 F.3d 288 (2d Cir. 2009). Furthermore, a party invoking diversity jurisdiction must allege the citizenship of each party as of the time suit is filed

17

in federal court, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.[2] Travaglio, 735 F.3d at 1268.  Anderson does not allege the citizenship of any party and therefore fails to adequately invoke diversity jurisdiction.  Even if Anderson had alleged the parties' citizenships, it is unlikely that diversity jurisdiction would apply, since the complaint suggests that Anderson and ALJ Sheely are both citizens of Alabama.

### C.   Anderson's Claims Against ALJ Sheely are Barred by Judicial Immunity

Anderson's complaint is deficient for another reason.  He purports to assert claims for monetary relief against an administrative law judge who was acting within the scope of his judicial capacity.  "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."  Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam) (quotations omitted).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  Bolin v. Story, 225

---

[2] "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367.  The citizenship of a natural person is the person's place of domicile, which requires both residence in a state and an intention to remain in that state indefinitely. Travaglio, 735 F.3d at 1269.

F.3d 1234, 1239 (11th Cir. 2000) (per curiam).  The doctrine of judicial immunity applies with equal force to federal administrative law judges, who are likewise "entitled to absolute immunity from damages liability for their judicial acts." Butz v. Economou, 438 U.S. 478, 514 (1978); see also Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2001) (per curiam) ("[F]ederal [ALJs] are entitled to absolute judicial immunity because their responsibilities are functionally comparable to those of trial judges, including issuing subpoenas, ruling on evidence, regulating hearings, and making or recommending decisions.").  In this case, Anderson – who never suggests that ALJ Sheely acted without jurisdiction – is trying to sue an ALJ for damages for acts taken while he was acting in his judicial capacity, so ALJ Sheely is entitled to absolute judicial immunity.  See Rodriguez v. Soc. Sec. Admin., 2023 U.S. Dist. LEXIS 169171, at *7, 2023 WL 6213586, at *3 (S.D. Fla. Sept. 22, 2023) (holding that a Social Security ALJ was entitled to absolute judicial immunity where plaintiffs were trying to sue her for damages for acts taken in her judicial capacity).

    **D.   Leave to Amend Complaint**

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with

prejudice." Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). Moreover, "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984). Thus, the Court will grant Anderson an opportunity to cure the noted deficiencies in his original complaint and allege a valid basis for this Court's subject matter jurisdiction, to the extent he is able to do so. Accordingly, Anderson's complaint (Doc. 1) is **STRICKEN**. Anderson is **GRANTED LEAVE** to file, on or before **August 2, 2024**, an amended complaint that states a valid basis for federal subject matter jurisdiction and addresses and corrects the noted deficiencies in his original complaint, to the extent he is able to do so.

The Court reiterates to Anderson that a complaint in federal court must contain sufficient factual matter to state a facially plausible claim for relief. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not need detailed factual allegations, but it

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Anderson's amended complaint will replace his original complaint. Therefore, the amended complaint shall not reference or seek to incorporate by reference the original complaint. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed).

Anderson is hereby **cautioned** that if he does not file an amended complaint within the ordered time, or if he files an amended complaint that fails to fully address and correct the deficiencies in his original complaint that are described in this order, the undersigned will recommend that this action be dismissed.

The Clerk is **DIRECTED** to send a copy of the original complaint (Doc. 1) to Anderson for his reference, along with a copy of this Court's Pro Se Litigant Handbook. Anderson is encouraged to review the Pro Se Litigant Handbook carefully and utilize it in drafting

21

an amended complaint, so as to avoid repetition of the pleading deficiencies identified herein.

  **ORDERED** this **3rd** day of **July, 2024.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**
