IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICK NEAL ANDERSON,     *
         *
    Plaintiff,    *
         *
vs.         * CIVIL ACTION NO. 24-00211-KD-B
         *
BEN E. SHEELY, *et al.*,    *
         *
    Defendants.    *

## REPORT AND RECOMMENDATION

This action is before the Court[1] on review of Plaintiff Patrick Neal Anderson's amended complaint (Doc. 5). Upon consideration, and for the reasons set forth below, the undersigned recommends that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction, or alternatively, because the amended complaint violates the Federal Rules of Civil Procedure and fails to comply with this Court's repleading order.

## I.  BACKGROUND

On June 25, 2024, Plaintiff Patrick Neal Anderson ("Anderson"), who is proceeding without an attorney, filed a complaint and paid the filing fee for a civil action. (Docs. 1, 3). In his complaint, Anderson stated that he was suing "Administrative Law Judge Ben E. Sheely by and through Kilolo

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

Kijakazi the Acting Commissioner of Social Security and now by and through Martin O'Malley Commissioner of Social Security." (Doc. 1 at 1-2). Anderson purported to raise the following claims for relief: (1) violation of a "Ministerial Duty"; (2) "Wrongful[] Denial of Disability Insurance Benefits"; (3) "5th Amendment Due Process Clause Violation: Procedural"; and (4) "Violation of Title VI (6) of the Civil Rights Act of 1964." (Id. at 2). Anderson alleged that this Court had jurisdiction over his claims

> pursuant to 28 U.S.C. 1331: Federal Question, the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States; controversial over $75,000. Bivens versus Six Unknown Federal Agents, 403 U.S. 388 (1971) and Article III (3) Standing of the United States Constitution.

(Id. at 1). For relief, Anderson sought "a total of Seventeen ($17) Billion Dollars and/or Two (2%) of the Social Security Trust Fund estimate between $2.8 Trillion Dollars and $2.9 Trillion Dollars." (Id. at 5).

In an order dated July 3, 2024, the undersigned informed Anderson that his complaint failed to allege a valid basis for this Court to exercise subject matter jurisdiction over this action and was an impermissible shotgun pleading. (Doc. 4). First, the Court observed that Anderson did "not offer a single *factual* – that is, non-conclusory – allegation supporting his claims concerning the denial of Social Security disability insurance benefits" and thus did "not provide adequate notice of the factual

grounds for his claims." (Id. at 6-7 (emphasis in original)).

Second, the Court noted that Anderson's complaint was "replete

with conclusory, vague, and immaterial facts not obviously

connected to any particular cause of action," since a large segment

of the complaint was devoted to a legal discussion which was

unnecessary and irrelevant to the claims asserted. (Id. at 7

(quotation omitted)). Third, the Court explained that the

complaint violated Federal Rule of Civil Procedure 10(b) because

it was "not broken up into numbered paragraphs, each limited as

far as practicable to a single set of circumstances." (Id. at 7-

8 (citing Fed. R. Civ. P. 10(b))). Fourth, the Court found that

the complaint failed to provide sufficient notice as to whom

Anderson was suing. (Id. at 8). The Court explained:

> Anderson identifies no authority, nor is the Court aware
> of any, that would allow him to sue a Social Security
> administrative law judge "by and through" either the
> former Acting Commissioner of Social Security or the
> current Commissioner of Social Security. It is possible
> – especially given that the complaint names the former
> Acting Commissioner and current Commissioner and seeks
> relief from the "Social Security Trust Fund" – that
> Anderson's real intention is to sue ALJ Sheely in his
> official capacity, since "[a] claim asserted against an
> individual in his or her official capacity is, in
> reality, a suit against the entity that employs the
> individual." However, Anderson's complaint does not
> make clear whether he is suing ALJ Sheely or any other
> officer or employee of the Social Security
> Administration ("SSA") in his or her individual
> capacity, official capacity, or both. The distinction
> is important because the Court's jurisdiction and the
> availability of certain kinds of relief may depend on
> whether the proper defendant is being sued in the proper
> capacity.

(Id. at 8-9 (internal citations omitted)).

Next, the undersigned explained to Anderson why his complaint did not identify a viable basis for the Court to exercise subject matter jurisdiction over this action. (Id. at 9-18). The Court noted:

> "In 42 U.S.C. § 405(g), Congress waived sovereign immunity by giving the federal courts jurisdiction to review and modify or reverse the Commissioner's decisions." Section 405(g) "affords an individual an avenue by which he may challenge a ruling . . . that he is not eligible for Social Security benefits." In relevant part, § 405(g) provides that a claimant may obtain judicial review of a "final decision of the Commissioner of Social Security made after a hearing to which he was a party" by filing "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

(Id. at 10 (internal citations omitted)). The Court then explained that "[t]he remedies outlined in [§ 405(g)] are the exclusive source of federal court jurisdiction over cases involving SSI," and that 42 U.S.C. § 405(h) "bars all other claims brought under the Social Security Act, including derivative claims generally 'arising under' the Social Security Act." (Id. at 10-11 (quotations omitted)). The Court noted that "a plaintiff cannot avoid the § 405(h) bar to jurisdiction by artful pleading if his claim is 'inextricably intertwined' with a claim for social security benefits or if the 'substantive basis' of his claim is the Social Security Act." (Id. at 12 (quotation omitted)).

4

The Court observed that Anderson's complaint did not indicate that he was seeking judicial review of a final decision of the Commissioner of Social Security within the timeframe allowed under 42 U.S.C. § 405(g). (Id.). Instead, the Court noted that Anderson purported "to assert various constitutional, statutory, and tort claims for damages arising from the handling and denial of his claim for Social Security disability insurance benefits." (Id.). The Court informed Anderson that "[t]he Social Security Act does not authorize jurisdiction over these claims." (Id.). The Court further informed Anderson "that the Social Security Act does not confer any right of action for consequential or punitive damages resulting from the denial of disability benefits." (Id. at 13).

Next, the Court explained that Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), did not supply a valid basis for subject matter jurisdiction in this action. (Id. at 14-15). The Court noted that "Bivens claims do not extend to federal officers [sued] in their official capacity," and it thus informed Anderson that he could not "pursue a Bivens action against ALJ Sheely or any other SSA officer or employee in his or her official capacity." (Id. at 14 (quotation omitted)). The Court also informed Anderson that he could not maintain a Bivens action against ALJ Sheely or any other SSA officer or employee in his or her individual capacity because the "Supreme Court has declined to imply a Bivens remedy for monetary damages

for people improperly denied social security benefits." (Id. at
14-15 (quotation omitted)).

The Court also explained that Title VI of the Civil Rights
Act of 1964 did not provide a valid basis for subject matter
jurisdiction in this action. (Id. at 15-16). As a preliminary
matter, the Court noted that Anderson had alleged "no facts
suggesting that he was denied disability benefits on the grounds
of his race, color, or national origin and thus provide[d] no
support for his nominal Title VI claim." (Id. at 15). The Court
proceeded to explain "that individuals such as ALJ Sheely are not
liable under Title VI," and that "Title VI does not apply to
programs conducted directly by federal agencies such as the Social
Security Administration." (Id. at 15-16 (quotations omitted)).
The Court also noted that because Anderson's Title VI claim arose
from the denial of his application for Social Security disability
insurance benefits, 42 U.S.C. § 405(h) barred federal question
jurisdiction over the claim. (Id. at 15).

The Court additionally found that Anderson had not adequately
invoked diversity jurisdiction. (Id. at 16-18). In particular,
the Court informed Anderson that the federal diversity
jurisdiction statute "does not provide a basis for suing the United
States or its agencies or officers acting in their official
capacity." (Id. at 17 (quotation omitted)). The Court also noted
that Anderson had not alleged the citizenship of each party as

6

required to establish diversity jurisdiction, and that even if he had alleged the parties' citizenships, it was unlikely that diversity jurisdiction would apply. (Id. at 17-18).

Finally, the Court informed Anderson that federal administrative law judges such as ALJ Sheely "are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." (Id. at 18-19 (citation omitted)). The Court stated: "In this case, Anderson – who never suggests that ALJ Sheely acted without jurisdiction – is trying to sue an ALJ for damages for acts taken while he was acting in his judicial capacity, so ALJ Sheely is entitled to absolute judicial immunity." (Id. at 19).

The Court struck Anderson's complaint but granted him leave to file "an amended complaint that states a valid basis for this Court's subject matter jurisdiction and addresses and corrects the noted deficiencies in his original complaint, to the extent he is able to do so." (Id. at 20). The Court informed Anderson of the applicable pleading standards for a complaint in federal court, including what is required to properly allege jurisdiction, what is required to state a claim upon which relief can be granted, the requirements of Federal Rules of Civil Procedure 8 and 10, and the prohibition against "shotgun pleadings" which violate those rules and fail to provide adequate notice of a plaintiff's claims. (Id.

at 2-6, 20-21). The Court warned Anderson that if he filed an amended complaint that failed to fully address and correct the noted deficiencies in his original complaint, the undersigned would recommend that this action be dismissed. (Id. at 21). The undersigned directed the Clerk of Court to send Anderson a copy of this Court's Pro Se Litigant Handbook and encouraged Anderson to review the handbook carefully and utilize it in drafting his amended complaint, so as to avoid repetition of his pleading errors. (Id. at 21-22).

In response to the Court's order, Anderson timely filed an amended complaint "against Administrative Law Judge Ben E. Sheely in his official capacity and Martin O'Malley Commissioner of Social Security as respondeat superior." (Doc. 5). Anderson's amended complaint is rambling, repetitive, and disjointed. (See id.). Anderson asserts that this Court has subject matter jurisdiction over this action "pursuant to United States Constitution Article III (Three) Standing Doctrine" and "28 U.S.C. 1367(a): Supplemental Jurisdiction." (Id. at 1-2). As best the Court can discern, the amended complaint makes various allegations of error or wrongdoing by ALJ Sheely relating to his handling of Anderson's disability claims, including that ALJ Sheely: "failed to follow (obey)" a 2017 remand order from this Court; failed "to reassess the entire record"; submitted a "deficient credibility analysis concerning [Anderson's VA] Disability Rating"; "had no Vocational

Expert (VE) present at the remand hearing dated June 30, 2022";

"did not allow [Anderson] to present his case in a meaningful way

in a meaningful matter"; and wrongfully denied Anderson's claim

based "on illegal standard for benefits eligibility." (See id. at

3-13).

In his "Prayer for Relief," Anderson purports to assert the

following four causes of action:

> Count One (1) for violated Ministerial Duty Five ($5)
> Billion Dollars and 5th Amendment Due Process Clause
> Five ($5) Billion Dollars pursuant to United States
> Constitution Article III Standing Doctrine.
>
> Count Two (2) for Bad Faith with Emotional Distress
> (Wrongfully Denial of Disability Insurance Benefits:
> (11th Circuit Pain Standard) Five ($5) Billion Dollars
> pursuant to United States Constitution Article III
> Standing Doctrine.
>
> Count Three (3) for Bad Faith with Emotional Distress
> (Wrongfully Denial Disability Insurance Benefits:
> Department of Veterans Affairs Disability Rating) Five
> ($5) Billion Dollars pursuant to United States
> Constitution Article III Standing Doctrine.
>
> Count Four (4) for Bad Faith with Emotional Distress
> (Wrongfully Denial of Disability Insurance Benefits:
> (Job Requirements) without a Vocational Expert present
> at the Remand Hearing dated June 30, 2022), Two ($2)
> Billion Dollars pursuant to United States Constitution
> Article III Standing Doctrine.

(Id. at 14). Anderson states that he "is asking this honorable

Court for a total of Twenty-Two ($22) Billion Dollars or Two (2%)

percent of the Social Security Trust Fund estimate between $2.7

and $2.8 Trillion Dollars; so it should not be not talk of violated

the Defendant's Due Process Clause." (Id.).

## II. <u>LEGAL STANDARDS</u>

### A.   **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." <u>Univ. of S. Alabama v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999). It is a plaintiff's duty in a federal civil action to identify in the complaint the basis for the court's subject matter jurisdiction. <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(1) states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A plaintiff must affirmatively allege facts establishing the existence of jurisdiction. <u>Taylor</u>, 30 F.3d at 1367. "And it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." <u>DeRoy v. Carnival Corp.</u>, 963 F.3d 1302, 1311 (11th Cir. 2020). When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over her case exists, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure

the deficiency." <u>Travaglio v. Am. Exp. Co.</u>, 735 F.3d 1266, 1268 (11th Cir. 2013).

**B.    Federal Rules of Civil Procedure 8 and 10**

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555 (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Relatedly, Rule 10(b) mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b).

These rules "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims

and whether the plaintiff has stated any claims upon which relief can be granted." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has broadly identified four general types or categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

**C.   *Pro Se* Litigation**

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).  A *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**III. DISCUSSION**

**A.   Subject Matter Jurisdiction**

Anderson's assertion that the Court "has subject matter jurisdiction pursuant to the United States Constitution Article III (Three) Standing Doctrine" is unavailing because it incorrectly conflates Article III standing and subject matter jurisdiction, which are separate and distinct concepts.

"Article III of the Constitution limits the exercise of the judicial power to 'Cases' and 'Controversies.'"  Town of Chester, N.Y. v. Laroe Ests., Inc., 581 U.S. 433, 438 (2017).  "As the Supreme Court has explained, the 'irreducible constitutional minimum' to establish Article III standing requires three

elements." Salcedo v. Hanna, 936 F.3d 1162, 1166 (11th Cir. 2019).

Specifically, "[t]he plaintiff must have (1) suffered an injury in

fact, (2) that is fairly traceable to the challenged conduct of

the defendant, and (3) that is likely to be redressed by a

favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S.

330, 338 (2016).

Unlike standing, which "addresses the question of whether a

federal court may grant relief to a party in the *plaintiff's*

position, subject matter jurisdiction addresses the question

whether a federal court may grant relief to *any* plaintiff given

the claim asserted." Rent Stabilization Ass'n of City of New York

v. Dinkins, 5 F.3d 591, 594 n.2 (2d Cir. 1993) (emphasis in

original); see also Superior Waste Mgmt. LLC v. United States, 169

Fed. Cl. 239, 253 (Fed. Cl. 2024) ("In contrast to standing,

subject matter jurisdiction 'refers to the class of cases that the

court is authorized to hear.'") (quoting Sioux Honey Ass'n v.

Hartford Fire Ins. Co., 672 F.3d 1041, 1052 (Fed. Cir. 2012)).

"In a given case, a federal district court must have at least one

of three types of subject matter jurisdiction: (1) jurisdiction

under a specific statutory grant; (2) federal question

jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron

Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

"Article III standing and subject matter jurisdiction are distinct concepts." All. For Env't Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 89 n.6 (2d Cir. 2006). "Although Article III's requirements are jurisdictional in a broad sense, they are more accurately characterized as prerequisites to subject matter jurisdiction." Superior Waste Mgmt., 169 Fed. Cl. at 252; see Gardner v. Mutz, 962 F.3d 1329, 1337 (11th Cir. 2020) (discussing "Article III's jurisdictional prerequisites"). Thus, "Article III (Three) Standing Doctrine" cannot form the basis for the Court's subject matter jurisdiction in this action. See Wendland v. Gutierrez, 580 F. Supp. 2d 151, 153 n.2 (D.D.C. 2008) (explaining that the premise of plaintiff's argument that the court had subject matter jurisdiction because he satisfied the requirements for standing was "wrong because it conflates separate and distinct concepts: standing and subject matter jurisdiction"). Instead, to establish subject matter jurisdiction, Anderson's amended complaint must allege facts supporting either a statutory grant of jurisdiction, federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. See Baltin, 128 F.3d at 1469. Anderson's amended complaint clearly fails to do this.

Anderson arguably seeks to invoke federal question jurisdiction under 28 U.S.C. § 1331[2] by raising a Bivens claim based on his assertion that ALJ Sheely violated the "5th Amendment Due Process Clause." (See Doc. 5 at 14). "Under Bivens, federal officials acting under color of federal law may be sued in their individual capacities for violating an individual's constitutional rights." Micklas v. Doe, 450 F. App'x 856, 857 (11th Cir. 2012) (per curiam). However, Anderson's amended complaint clarifies that he is suing ALJ Sheely in his *official capacity*, and "a plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity." Horne v. Soc. Sec. Admin., 359 F. App'x 138, 143 (11th Cir. 2010) (per curiam); see also Bevan v. Steele, 417 F. App'x 840, 841 n.3 (11th Cir. 2011) (per curiam) ("Bivens claims do not extend to federal officers in their official capacity and are barred by sovereign immunity."). Moreover, even if Anderson were suing ALJ Sheely in his individual capacity, "[t]he Supreme Court, because of the remedies under the complex Social Security statutes and regulations, has expressly foreclosed extension of a Bivens action to persons who were improperly denied Social Security benefits as a result of alleged due process violations." Micklas, 450 F. App'x

---

[2] Anderson makes no attempt to invoke federal diversity jurisdiction under 28 U.S.C. § 1332 in his amended complaint, nor does there appear to be any basis for him to do so. (See Doc. 5).

at 857 (citing Schweiker v. Chilicky, 487 U.S. 412, 425-29 (1988));
Horne, 359 F. App'x at 143 ("The Supreme Court has declined to
imply a Bivens remedy for monetary damages for people improperly
denied social security benefits."). Thus, a Bivens action is not
available and cannot provide a basis for federal question
jurisdiction in this action.

As noted, Anderson purports to sue ALJ Sheely "in his official
capacity" and the "Commissioner of Social Security as respondeat
superior." (Doc. 5 at 1). Thus, it appears that this action is,
in reality, a suit against the SSA. See Mann v. Taser Int'l, Inc.,
588 F.3d 1291, 1309 (11th Cir. 2009) ("A claim asserted against an
individual in his or her official capacity is, in reality, a suit
against the entity that employs the individual."). Absent a
waiver, sovereign immunity shields the United States and its
agencies, including the SSA, from suit. F.D.I.C. v. Meyer, 510
U.S. 471, 475 (1994). Any waiver of sovereign immunity must be
"unequivocally expressed" and strictly construed in favor of the
sovereign. United States v. Nordic Vill. Inc., 503 U.S. 30, 34
(1992). "A question of sovereign immunity is a jurisdictional
issue; without a statutory waiver, a district court has no
jurisdiction to entertain a suit against the United States."
Brestle v. United States, 414 F. App'x 260, 263 (11th Cir. 2011)
(per curiam).

"In 42 U.S.C. § 405(g), Congress waived sovereign immunity by giving the federal courts jurisdiction to review and modify or reverse the Commissioner's decisions." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). Section 405(g) provides that a party may seek judicial review of a "final decision of the Commissioner of Social Security" in the district court within sixty days. 42 U.S.C. § 405(g).[3] "[T]he remedies outlined in [§ 405(g)] are the exclusive source of federal court jurisdiction over cases involving SSI." Jackson, 506 F.3d at 1353. Specifically, 42 U.S.C. § 405(h) forbids any action brought under 28 U.S.C. § 1331 for any claims arising under the Social Security Act. See 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). The "arising under" language in § 405(h) is very broad and "extends to any 'action' seeking 'to recover on any (Social Security) claim.'" Weinberger v. Salfi, 422 U.S. 749, 762 (1975); see Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000) (noting that § 405(h) prohibits the exercise of federal question jurisdiction in a

_____

[3] The only proper defendant in a § 405(g) action is the Commissioner of Social Security. See 42 U.S.C. § 405(g); Diamond v. Soc. Sec. Admin., 2019 U.S. Dist. LEXIS 198457, at *6 n.8, 2019 WL 6868973, at *2 n.8 (S.D. Ala. Nov. 14, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 215739, 2019 WL 6842542 (S.D. Ala. Dec. 16, 2019).

typical case "where an individual seeks a monetary benefit from the agency . . . , the agency denies the benefit, and the individual challenges the lawfulness of that denial[,] . . . irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds"). "Thus, a plaintiff cannot avoid the § 405(h) bar to jurisdiction by artful pleading if his claim is 'inextricably intertwined' with a claim for social security benefits or if the 'substantive basis' of his claim is the Social Security Act." Imamoto v. Soc. Sec. Admin., 2008 U.S. Dist. LEXIS 100173, at *11, 2008 WL 5179104, at *3 (D. Haw. Dec. 9, 2008) (quoting Heckler v. Ringer, 466 U.S. 602, 614-15 (1984)).

Moreover, it is well-established that the Social Security Act does not confer any right of action for consequential or punitive damages resulting from the denial of disability benefits. See Ostroff v. State of Fla., Dep't of Health & Rehab. Servs., 554 F. Supp. 347, 352 (M.D. Fla. 1983) ("Ostroff now seeks further vindication by suing for consequential and punitive damages. Section 405(g) does not contemplate such an action and affords no such relief."); Schweiker v. Chilicky, 487 U.S. 412, 424 (1988) (stating that the Social Security Act "makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits"); Katsoulakis v. Astrue, 2011 U.S. Dist. LEXIS 97605, at

19

*14, 2011 WL 3877080, at *5 (E.D.N.Y. Aug. 31, 2011) ("The Social Security Act does not bestow a private right of action for monetary relief.").

As explained above, the only avenue for Anderson to challenge a decision relating to his claims for Social Security disability insurance benefits is through 42 U.S.C. § 405(g), which permits judicial review of a final decision of the Commissioner of Social Security. As his amended complaint acknowledges, Anderson already has a § 405(g) judicial review action pending before this Court. (See Doc. 5 at 2); Anderson v. Kijakazi, No. 1:23-cv-00155-JB-N (S.D. Ala. 2023). In this related action, Anderson purports to assert tort and constitutional claims based on the same denial of disability insurance benefits that he challenges in his existing action under § 405(g). Regardless of how he characterizes his claims, Anderson's allegations in this case clearly center around the Defendants' handling and denial of his claims for Social Security disability insurance benefits. Thus, Anderson's claims arise under the Social Security Act, and jurisdiction over his claims is prohibited by 42 U.S.C. § 405(h). See Alexander v. Kijakazi, 2022 WL 22715125, at *3 (M.D. Ga. July 13, 2022) (finding that plaintiffs' claims were prohibited where plaintiffs did not allege any facts indicating that they sought review of the Commissioner's final decision and instead alleged that the Commissioner and SSA employees violated plaintiffs' rights through

20

their actions relating to plaintiffs' disability benefits); Imamoto, 2008 U.S. Dist. LEXIS 100173, at *15-16, 2008 WL 5179104, at *4 (D. Haw. Dec. 9, 2008) (where plaintiff alleged "various constitutional, statutory, and tort claims" centering around the defendants' denial of his claim for Social Security disability benefits, holding that "[b]ecause the Social Security Act provides the 'substantive basis' for Plaintiff's derivative claims and his claims are 'inextricably intertwined' with his claim for benefits, § 405(h) bars subject matter jurisdiction over those claims"); Henderson v. Colvin, 2015 U.S. Dist. LEXIS 146713, at *5, 2015 WL 6598713, at *2 (D. Or. Oct. 29, 2015) ("Because Plaintiff's tort claims are intertwined with her claim for Social Security benefits, this court lacks subject matter jurisdiction over the tort claims."); Christides v. Comm'r of Soc. Sec., 478 F. App'x 581, 583 (11th Cir. 2012) (per curiam) (affirming denial of plaintiff's motion to change the nature of her suit from a claim under § 405(g) to a civil rights claim because the "remedies set out in section 405(g) are the exclusive source of federal court jurisdiction over cases involving Social Security claims" and the district court therefore "lacked jurisdiction to consider [plaintiff's] complaint outside of section 405(g)").

Lastly, the Court addresses Anderson's assertion that it "also has subject matter jurisdiction pursuant to 28 U.S.C. 1367(a): Supplemental Jurisdiction." (Doc. 5 at 2). "Section

1367 does not confer original jurisdiction." Keene v. Auto Owners Ins. Co., 78 F. Supp. 2d 1270, 1273 (S.D. Ala. 1999). "Rather, it merely provides that where a federal district court has original jurisdiction over an action, it may exercise jurisdiction over all claims raised within that action." Id. Thus, "supplemental jurisdiction cannot attach unless some independent basis for federal court original jurisdiction exists. As such, Section 1367 is not a stand-alone ground for jurisdiction, but presupposes the existence of some other form of original jurisdiction as to at least part of the dispute." Clements v. Preston, 2005 U.S. Dist. LEXIS 34414, at *9 n.5, 2005 WL 3371084, at *3 n.5 (S.D. Ala. Dec. 12, 2005). Anderson's amended complaint does not set forth a valid basis for the Court to exercise original subject matter jurisdiction over his claims in this action; thus, supplemental jurisdiction under § 1367(a) does not apply.

**B.   Shotgun Pleading**

Even if subject matter jurisdiction existed, this action would be subject to dismissal because Anderson's amended complaint is a shotgun pleading that violates the Court's repleading order and fails to satisfy the basic pleading standards for a complaint in federal court. Most problematically, Anderson disregards the Court's directives and continues to violate Rule 10(b) by failing to separate his allegations into numbered paragraphs, each limited as far as practicable to a single set of circumstances. Instead,

Anderson's allegations ramble over several pages and frequently encompass multiple alleged errors, actions, or events, making it difficult to discern the factual basis for each of his claims. This difficulty is compounded by the fragmented, confusing, and frequently repetitive nature of the allegations. Furthermore, despite the Court's admonition that extended legal discussion is neither necessary nor proper in a complaint, Anderson's amended complaint is replete with case citations and discussion of cases, which only adds to the rambling and disjointed nature of his allegations.

"Once a district court gives a plaintiff fair notice of the specific defects in the complaint and a meaningful chance to fix them, dismissal with prejudice on shotgun pleading grounds is proper if a plaintiff files an amended complaint afflicted with the same defects." Halstead v. Espinoza, 2023 U.S. App. LEXIS 5529, at *4, 2023 WL 2399288, at *2 (11th Cir. Mar. 8, 2023) (per curiam) (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) ("Here, after being put on notice by Defendants of the specific defects in their complaint, the Jacksons filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments . . . . The District Court should have dismissed the amended complaint with prejudice because . . . the amended complaint was incomprehensible.")); see also Pelletier v. Zweifel, 921 F.2d

1465, 1522 n.103 (11th Cir. 1991) ("If Pelletier had refused to comply with the court's directive to file a repleader in conformity with the rules of civil procedure, the court could have dismissed the complaint under Fed.R.Civ.P. 41(b), on the ground that Pelletier failed to comply with Fed.R.Civ.P. 8(a) and (e) to provide a short, clear, and concise statement of the claim.") (citations omitted), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008).

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary

remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon, 863 F.2d at 837.

As described above, the Court's repleading order explained in detail why Anderson's original complaint did not allege a viable basis for federal subject matter jurisdiction and did not provide adequate notice of Anderson's claims and their underlying factual grounds. The Court warned Anderson that failure to fully address and correct the noted deficiencies would result in a recommendation that this action be dismissed. In disregard of the Court's warning and instructions, Anderson filed an amended complaint afflicted with most of the same fundamental deficiencies and pleading errors identified by the Court previously. Accordingly, this action is due to be dismissed for Anderson's failure to file an amended complaint that complies with the Court's repleading order and the Federal Rules of Civil Procedure.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction, or in the alternative, for Anderson's failure

to file an amended complaint that complies with the Federal Rules of Civil Procedure and with the Court's repleading order.[4]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

---

[4] Dismissal for lack of subject matter jurisdiction "must be without prejudice." McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1313 (11th Cir. 2021). However, given the apparent lack of any basis for subject matter jurisdiction in this action, as well as Anderson's lackluster attempt to draft an amended complaint that complies with federal pleading standards and the Court's directives, the undersigned recommends that Anderson be denied further leave to amend.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **9th** day of **September, 2024.**

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**